**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEAN L. HAGER,**<br><br>**Defendant.** | **Case No. 3:24-CR-30178-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Defendant Sean L. Hager's Motion to Reconsider the Court's Order (Doc. 106), entered on July 13, 2026, which modified the conditions of his supervised release. For the reasons stated below, the Court denies the Motion.

## BACKGROUND

Sixteen years ago, Defendant Sean L. Hager pleaded guilty to four sex offenses and was sentenced to a suspended term of seven years' imprisonment followed by five years of probation. (Doc. 113 at p. 2). The conviction arose from an illicit sexual relationship in which Hager engaged between November and December 2007. (*Id*). Upon conviction and sentencing, Hager was enrolled in sex offender treatment but received no treatment before he was released from supervision in 2014. (*Id.* at pp. 2–3). As a result of the conviction, Hager was thereafter required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) in his place of residence. (Doc. 49 at p. 2).

From around April 2023 through October 2024, Hager registered as a sex offender in St. Louis County, Missouri, while indicating he was a person experiencing homelessness

when asked for his place of residence. (Doc. 49 at pp. 2–3). But on four separate occasions in that timeframe, he indicated his place of residence—while still experiencing homelessness—as Fenton, Missouri. (*Id*). Between March 1 and August 12, 2024, Hager was actually residing in Cahokia Heights, Illinois, with his girlfriend. (*Id*). Hager did not update his registration to reflect this change of address, nor did he register as a sex offender in the state of Illinois as required. (*Id*).

In December 2024, Hager was indicted on one count of Failure to Register as a Sex Offender (Doc. 1). He pleaded not guilty to the charge and proceeded to trial but was convicted by a jury in October 2025. (Doc. 97 at p. 1). In March 2026, the undersigned sentenced Hager to a term of time-served (he spent about six weeks in custody following his arrest in this case) and a five-year term of supervised release. (Doc. 107 at p. 2).

In the final Pre-Sentence Report filed on March 12, 2026 (Doc. 90), Probation did not include a condition of sex offender evaluation and potential treatment. (*Id*). A few months later, the omission was discovered by Hager's supervising officer, Sheryll Vilcinskas.

Once Officer Vilcinskas discovered the omission, she obtained her manager's approval to include the sex offender evaluation/treatment as a condition of Hager's supervised release and personally discussed the proposed modification with Hager. (Doc. 113 at p. 4). (*Id*). She also notified Hager of his right to counsel and a hearing before seeking a modification.

When Officer Vilcinskas spoke with Hager about the sex offender evaluation condition and its omission from the PSR, she discussed three matters with him. (Doc. 113 at pp. 3–4). First, she explained that if the condition was added, Hager would be required to undergo a sex offender evaluation conducted by a qualified professional therapist and

potential treatment if the evaluation necessitated it. (*Id*). In other words, Hager would not automatically be required to undergo treatment; it depended on what the evaluation showed. (*Id*). Second, Officer Vilcinskas assured Hager that the United States Probation Office would bear any costs associated with the evaluation and treatment. (*Id*. at p. 4). Finally, Officer Vilcinskas explained that the failure to include the evaluation in the PSR was an oversight and was discovered pursuant to an audit she herself conducted in July 2026. (*Id*).

Hager then voluntarily signed the Waiver of Hearing to Modify the Conditions of Supervised Release. (*Id*. at p. 5). Probation thereafter filed a Petition asking the Court to modify Hager's condition of supervised release to add the omitted condition to require Hager to undergo a sex-offender evaluation and, if necessary, treatment as a condition of his supervised release. (*Id*. at p. 4). Because Hager had waived his right to a hearing, the Court modified the conditions of his supervised release and imposed the condition as requested.

## LEGAL STANDARD

A sentencing court is vested with the authority "to impose any condition of supervised release that is reasonably related to one or more of the permissible goals of sentencing." *United States v. Mercado*, 777 F.3d 532, 537 (1st Cir. 2015). The conditions must not involve a greater deprivation of liberty than is reasonably necessary to serve the purposes set forth in 18 U.S.C. §§ 3553(a)(2)(B) ("to afford adequate deterrence to criminal conduct"), 3553(a)(2)(C) ("to protect the public from further crimes of the defendant"), and 3553(a)(2)(D) ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). 18 U.S.C. §§ 3533(a)(2)(B), 3553(a)(2)(C), 3553(a)(2)(D). In short, the overarching goals of supervised release conditions are deterrence, rehabilitation, and protection of the public. *Id*.

## Discussion

Requiring Hager to undergo a sex-offender evaluation to determine whether he needs treatment is not "a greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). A sex-offender evaluation—and treatment, if necessary—is reasonably related to deterring future criminal conduct, rehabilitating a defendant, and protecting the public. *See United States v. Russell*, 81 F.4th 726, 30 (7th Cir. 2023) (finding that a sex offender evaluation condition promoted the U.S. Sentencing Commission's policy goals of deterrence, rehabilitation, and protection of the public). As the Seventh Circuit explained in *Russell*, sex offender evaluation that *may* lead to treatment is a *modest* condition. *Russell*, 81 F.4th at 730 (emphasis added). The fact that Hager's current conviction is not for a sex offense does not make the condition improper. *Id*. at 729–30.

The Court acknowledges that Hager's conviction for a sex crime was nearly two decades ago. (Doc. 113 at p. 2). The defendant in *Russell* similarly received a sex offense conviction (albeit for a misdemeanor) in 2010, years before his sex offender evaluation condition was imposed. 81 F.4th at 728. After acknowledging that sex offender treatment might be unnecessary to deter or rehabilitate a particular defendant or to protect the public, the Seventh Circuit noted that all that was required of the defendant in *Russell* was an *evaluation*. *Id.* at 730. The passage of time between Hager's sex offenses and the imposition of the condition does not immunize him from the "modest" requirement of a sex-offender evaluation. *See Mercado*, 777 F.3d at 538.

Hager calls the Court's attention to *United States v. Goodwin* where the Seventh Circuit found that several conditions imposed by the court were overbroad, vague, and unwarranted in light of the defendant's crime of failure to register as a sex offender and the purposes of

sex offender treatment. See Doc. 107 at pp. 4–5 (citing 717 F. 3d 511, 513–14 (7th Cir. 2013)). But the disputed conditions in *Goodwin* are markedly more intrusive and severe than the sex offender evaluation required of Hager. The conditions were as follows: requiring the defendant to install internet monitoring software on his computers; submitting to searches of his person, car, computer, and other property; allowing his computer equipment to be removed for comprehensive examinations; forbidding the defendant from having any contact with minors except in the presence of an adult who has been made aware of defendant's prior sex offense; prohibiting the defendant from possessing material that "depicts or alludes to sexual activity;" and placing content restrictions on defendant's use of the internet. 717 F. 3d at 523–26. Compared to these conditions, a requirement to submit to a sex offender treatment evaluation does not appear "unduly harsh." *Id.* at 522.

The court struck down another condition in *Goodwin*—sex offender treatment as deemed necessary by the probation officer. 717 F. 3d at 525. It was *treatment* not an *evaluation* that the court held improper—treatment that would have been at the defendant's own expense and "as deemed necessary by the probation officer." *Id.* at 526. By contrast, Hager would only have to undergo treatment if deemed necessary by a qualified professional therapist. (Doc. 113 at p. 4).

Hager also cites *United States v. Johnson*, which involved a defendant who, at age seventeen, was convicted of a misdemeanor sex offense, and was later convicted of a drug offense and being a felon in possession of a firearm. 756 F.3d 532, 535 (7th Cir. 2014). A special condition of supervised release imposed at sentencing (omitted in the pre-sentence report) required the defendant to participate in a sex offender treatment program. *Id.* at 539. *Johnson* may similarly be distinguished because Hager will only be required to submit to an

*evaluation*, which may or may not yield a need for treatment. Furthermore, the defendant in *Johnson* would have had to incur the cost of the treatment himself—a situation not encountered by Hager.

It is true that Probation failed to add the sex offender evaluation condition to the PSR. However, as soon as the oversight was discovered, they took the necessary steps to rectify the error and informed Hager of both the condition and its inadvertent omission. After being advised of his right to counsel and a hearing, Hager willingly and voluntarily waived his rights to both. The Court does not condone a practice of untimely additions to the PSR, but based on the record, the omission does not appear to be as nefarious as Hager suggests.

For these reasons, the Court **DENIES** Defendant's Motion to Reconsider.

**IT IS SO ORDERED.**

**DATED: October 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**